GIBSON, Administrator, *v.* WIDENER AND WIFE.

(*Knoxville.*    September 17th, 1886.)

1. CHANCERY PRACTICE. *Appeal. Discretion.* Code, § 3874 (M. & V.)

The Chancellor properly exercised the discretion conferred by § 3874 (M. & V.) Code, by refusing defendant an appeal from a decree rendered against him in a proceeding to enforce a vendor's lien for balance of purchase-price, and for sale of the land.

Code cited: § 3874 (M. & V.); § 3157 (T. & S.)

2. SUPREME COURT. *Final decree. Writ of error. Consent to jurisdiction.*

The decree, in such case, is not final, and cannot be reviewed on writ of error, even though the parties consent to the jurisdiction.

Code cited: §§ 3895, 3874 (M. &. V.); §§ 3176, 3157 (T. & S.)

Cases cited and approved: Meek *v.* Mathis, 1 Heis., 540; Abbott *v.* Fagg, 1 Heis., 747; Hume *v.* Commercial Bank, 1 Lea, 222; Cauthron *v.* Searcy, 12 Lea, 649–657; Thurston *v.* Belote, 12 Heis., 249.

---

FROM KNOX.

---

Writ of error to Chancery Court, Knox County. Decree at January Term, 1885.    W. B. STALEY, Ch.

J. W. CALDWELL for complainant.

W. M. BAXTER for respondents.

SNODGRASS, J.    The bill in this cause was filed to enforce a vendor's lien for balance of purchase-money of a tract of land, due by judgment to com-

Gibson, Administrator, *v.* Widener and Wife.

plainant. The judgment was based upon a note executed by defendants to complainant's intestate, Wm. Widener.

Defendants claimed three credits not allowed in the bill—one for $30, one for $46.93, and one for $100. This, in answer, was the only defense made. The judgment was rendered on the 19th of August, 1879, and the credits claimed are all of a preceding date; but it is insisted in the answer, and substantially shown in evidence, that there was an agreement to the effect that defendants should have credits for such amounts as they could show to be legally proper after judgment. The judgment was confessed.

In this cause a reference was ordered, and the Master took and stated an account, and reported that defendants were entitled to all the credits claimed.

On exceptions, the one hundred dollar credit was disallowed by the Chancellor, and a decree was rendered for balance due ($212.50) against defendants. It was further decreed that unless defendants paid this amount, and interest, within sixty days from adjournment of the court the land should be sold to satisfy decree. The defendant prayed an appeal, which the Chancellor refused, being of the opinion that no appeal should be granted until after the sale. It was within the discretion of the Chancellor to grant or refuse an appeal from this decree (New Code, § 3874), and the discretion was properly exercised.

2

Subsequently, by a petition addressed to one of the Judges of this Court, defendants obtained a supersedeas and writ of error, and bring the case here in advance of final decree. Counsel on both sides insist that the case be treated as properly before us, without objection to the writ of error.

In view of this position of counsel, and to save inconvenience and expense to the parties, the Court would be disposed to take this course with this cause; but we are of opinion that a proper construction of the law does not authorize it, and the ends of justice would not be subserved by doing so. There was no final decree below, and an assumption of jurisdiction to correct on writ of error all the decrees which might be thus brought before us, in advance of final decree, would not only be unauthorized but would multiply proceedings for the correction of errors and require this Court to render numerous decisions, instead of one in each of many causes.

A writ of error lies *only* from a *final* judgment or decree. New Code, § 3895. It does not lie except in cases where an appeal or appeal in error is a matter of right and not of discretion. 1 Heis., 540; 1 Lea, 222.

The appeal in this cause did not lie as a matter of right, the decree not being final (New Code, § 3874; 1 Heis., 747; 12 Heis., 249; 12 Lea, 649–51); and it follows that the writ of error cannot be resorted to to review the decree complained of. This Court is not, therefore, authorized to take jurisdiction (12

Lea, 650) for that purpose.    The consent of parties does not affect the question.

The supersedeas is discharged, writ of error dismissed, and the cause remanded for further proceedings.