## GURLEY *v.* RAILROAD.

### (*Jackson.*　May 10, 1892.)

1. APPEAL. *Does not lie, when.*

   In suit for personal injuries the defendant pleaded (1) not guilty; (2) gross contributory negligence of the plaintiff; (3) accord and satisfaction. The plaintiff joined issue upon the first two pleas, and filed replication to the third plea. Defendant's demurrer to this replication was sustained. From this action of the Court, without any judgment disposing of the suit, the plaintiff appealed.

   *Held:* The appeal is premature. The judgment was not final. It did not dispose of the entire case. It was not such judgment as the Court may grant appeal from before final judgment in the exercise of its discretion.

   Code construed: §§ 3872–3874, 3893 (M. & V.); §§ 3155–3157, 3174 (T. & S.).

   Case cited and approved: Younger *v.* Younger, 90 Tenn., 25.

2. JURISDICTION. *Not conferred by consent.*

   And jurisdiction cannot be conferred upon this Court in such case by consent of parties.

   Case cited and approved: Gibson *v.* Widener, 85 Tenn., 16.

---

FROM SHELBY.

---

Appeal in error from Circuit Court of Shelby County.　L. H. ESTES, J.

W. P. WILSON for Gurley.

HOLMES CUMMINS for Railroad.

CALDWELL, J. Gus Gurley sued the Newport News and Mississippi Valley Railroad Company for ten thousand dollars, as damages for personal injuries alleged to have been inflicted upon him by the defendant, while he was in its service in the capacity of conducter of one of its railway trains.

To the declaration, defendant filed three pleas: (1) Not guilty; (2) gross carelessness and misconduct on the part of plaintiff, whereby he brought his misfortune upon himself; (3) accord and satisfaction.

Plaintiff joined issue upon the first and second pleas, and filed a replication to the third plea. Defendant demurred to the replication. The Court sustained the demurrer, and from that action, without more, plaintiff appealed in error.

The attempted appeal was premature, and, therefore, conferred no jurisdiction upon this Court.

Appeals as a matter of right, and appeals in the nature of a writ of error, lie from *final* decrees and judgments only; and *final* decrees and judgments are only such as decide and dispose of the whole merits of the case. Code (M. & V.), §§ 3872, 3873, and 3893; *Younger* v. *Younger*, 90 Tenn., 25.

The judgment sustaining the demurrer to the replication was not *final;* it did not decide and

dispose of the merits of the whole case. On the contrary, it adjudged simply that the replication was not good in law, and left all other questions undisposed of and undecided.

The plaintiff had a right to plead further, but he did not offer to do so. He might have denied the truth of the third plea, and in that way made an issue for the jury; or, upon his failure to plead over, the Court might have rendered final judgment, and dismissed the suit. Nothing of this kind was done or attempted to be done. There was no order to plead further—no request for that privilege; there was no declination to plead over, no judgment on the plea and dismissal of suit.

The Court only adjudged the demurrer good and the replication bad. From that action, and at that stage of the case, the plaintiff attempted to appeal in error.

It is not, and could not reasonably be, claimed that this is a discretionary appeal under § 3874 of the Code.

The defendant also desires the judgment of this Court upon its demurrer, and offers to waive all objections as to the nature of the judgment below and time of the appeal. That does not help the matter. Jurisdiction cannot be conferred by consent. *Gibson* v. *Widener*, 85 Tenn., 16.

Let the appeal be dismissed for prematurity.