# WATKINS *v.* CLIFTON HILL LAND COMPANY.

## (*Knoxville.*   October 1, 1892.)

1. APPEAL BOND.  *For costs only, sufficient, when.*

   Under bill to enforce vendor's lien, the lands were sold, and their proceeds applied, leaving a balance due on the purchase-price notes. Decree was entered for this balance.  The defendant appealed from this final decree, and all former decrees, giving appeal bond for costs only.

   *Held:* Appeal was properly granted upon bond for costs only.

   Code construed: §§ 3881, 3882 (M. & V.); § 3164 (T. & S.).  (Acts 1870–'71, Ch. 106.)

   Cases cited: Staub *v.* Williams, 1 Lea, 36, 124; Rogers *v.* Newman, 5 Lea, 255; Kinsey *v.* Staunton, 6 Bax., 92; Gibson *v.* Widener, 85 Tenn., 16; Younger *v.* Younger, 90 Tenn., 25.

2. VENDOR'S LIEN.  *Defenses not available to defeat its enforcement.*

   In suit to enforce vendor's lien, the defense of fraud in the making of the sale is not available where it is not set up in the pleadings, and it appears that defendant is prosecuting an independent suit for rescission on that ground.

3. SAME.  *What decree for sale should recite.*

   Decree for sale of land, in suit for enforcement of vendor's lien, is sufficient without any formal decree for amount due, where it recites and adjudges the amount due on the notes given for the purchase-price, and orders the land to be sold if this ascertained sum is not paid in within a specified time.

4. SAME.  *As to notes not due.  Decree.*

   Where land is decreed to be sold for payment of purchase-money notes, some of which are due and others not due, it is not essential that any of the deferred payments should fall due precisely at maturity of the notes not due at date of decree.  The defendant cannot complain

that a more liberal credit is given for his benefit than that provided by the statute.

Code construed: §§ 4306–4309 (M. & V.); §§ 3563–3566 (T. & S.).

5. SAME. *Same. Same.*

In suit to enforce vendor's lien for notes not due, the Court has not authority, after exhausting proceeds arising from sale of lands, leaving a balance of purchase-price unpaid, to enter decree upon a note not then due, although the defendant had not interposed any defense that suit had been prematurely brought as to such note.

Code construed: §§ 4306–4309 (M. & V.); §§ 3563–3566 (T. & S.).

6. SUPREME COURT. *Will not reverse for error, when.*

But this Court will not reverse the Chancellor's decree, erroneously giving decree upon such note, where it had fallen due, and complainant had become entitled to decree thereon before the date of the hearing in this Court.

---

### FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Chancellor.

WHITE & MARTIN, J. A. COLDWELL, and PICKLE & TURNER for Watkins.

COOKE, FRAZIER & SWANEY, WATKINS & BOGLE, ANDREWS & BARTON, and LEWIS SHEPHERD for Clifton Hill Land Company.

CALDWELL, J. On April 14, 1887, complainants, Mrs. Anna N. Watkins and Miss Alice M. Watkins,

sold and conveyed to the defendant, Clifton Hill Land Company, one hundred and ninety acres of land, near Chattanooga, in consideration of $125,-000, of which $35,000 were paid in cash, and the defendant's obligation to pay the balance was evidenced by its five promissory notes for $18,000 each, maturing respectively on the first day of March, 1888, 1889, 1890, 1891, and 1892, and bearing interest from March 1, 1887, at the rate of 6 per cent. per annum, payable semi-annually. A specific lien was retained in the deed, and the defendant agreed in the face of its notes that it would pay reasonable attorney fees, if resort to law became necessary for their collection.

On April 9, 1889, the vendors filed the original bill in this cause, for the enforcement of their lien and collection of the said purchase-money notes by a sale of the land.

All of the notes were exhibited with the bill, two of them being past due at the time, and the other three yet to mature.

Amended and supplemental bills were subsequently filed. Defendant answered the three bills, and proof was taken on both sides.

On May 12, 1891, the Chancellor heard the cause, on pleadings and proof, and directed a sale of the land on a credit of six, twelve, eighteen, twenty-four, and thirty months, unless the amount then due complainant should be paid into Court within sixty days from the date of the decree.

In pursuance of that decree, the Clerk and Mas-

ter sold the land, on August 5, 1891, to the complainant, at the price of $47,000.

The sale was confirmed and title divested and vested on October 12, 1891. In the same decree the Court adjudged the defendant to be indebted to the complainant in the full aggregate amount of the five notes—although one of them had not yet matured—credited that sum by the net proceeds of the sale, and awarded execution for the balance. At a subsequent day of the same term, decree was rendered against the defendant for $4,000, as reasonable compensation to solicitors of complainants. From that, and all four decrees in the cause, defendant appealed, upon a bond for costs only.

The first question for our consideration arises upon a motion of complainants to dismiss defendant's appeal. The ground of the motion is that the appeal bond is insufficient, being for costs only, and not for the unpaid part of the decree below ($75,000), damages, and costs. The bond was executed under § 3882 of Code (M. & V.), which is as follows:

"In all cases in which, by the decree of any Court of Equity, real estate is ordered to be sold, and the party whose real estate is so decreed to be sold, prays and obtains an appeal to the Supreme Court, he shall be required to execute a bond in an amount sufficient to pay costs of the cause in the Court below and the Supreme Court." Whereas, complainants insist that bond should have

been given as required by § 3881, which provides that "where decrees are for a specific sum of money, and against the party in his own right, the appeal bond shall be for the amount of the decree and damages and costs." Code, § 3881.

Section 3882 originated in the Act of 1870–71, Chapter 106, and was intended as an exception to § 3881, an old provision. The exception was created, as said by this Court in *Staub* v. *Williams*, 1 Lea, 124, to relieve the debtor of the obvious hardship of giving personal security for the decree against him, when by the same decree, or in the same cause, his land was adjudged to be sold in the enforcement of a vendor's lien or a mortgage; the land itself in such a case being deemed sufficient security for the debt.

Such having been the object of the exception, the case before us would, confessedly, have fallen within its operation, and a bond for costs would have been sufficient, had the appeal been obtained before the sale occurred, as it might have been under § 3874 of the Code, in the discretion of the Chancellor.

Does the fact that the appeal is prosecuted after the sale and application of proceeds, and after a large balance of indebtedness is adjudged to be due complainants, take the case out of the exception, and subject it to the original provision? We think not, clearly.

It is, after the sale as before, a case in which a Court of Equity has, by decree, ordered the

sale of real estate for the enforcement of a vendor's lien; and the land is no more a sufficient security for the entire decree in the one instance than are its proceeds in the other.

This appeal is not alone from the adjudication of defendant's liability for $75,000 after the exhaustion of its land—from a mere money decree for the balance of the debt—as assumed in argument for complainants. It is more than that. It is an unlimited appeal from all the decrees in the cause, and brings all of them before this Court for review; that adjudging defendant's liability and directing sale of the land, that confirming sale and applying proceeds, as well as that adjudging balance and awarding execution.

Primarily, the land is the subject-matter of the litigation; it is that about which the parties contracted, and out of which defendant's liability arose. Treating the land, upon the one side, as the representative of the debt; upon the other side, the Legislature manifestly intended that, in the given case, whether the appeal was before or after sale, the land, or its proceeds, should stand as security for the debt, and that bond should be required for costs alone.

It would minimize the statute, and in a large measure defeat its object, to limit its application to appeals before sale, as counsel for complainants suggest should be done, for such appeals are allowable only in the discretion of the Chancellor, and never as a matter of right. Code, §§ 3872, 3874;

*Gibson* v. *Widener*, 85 Tenn., 16; *Younger* v. *Younger*, 90 Tenn., 25.

Section 3882 has been held to apply in case of decree to sell real estate for enforcement of a mechanic's lien (*Kinsey* v. *Stanton*, 6 Bax., 92), but not in cases where land is decreed to be sold under attachment for ordinary debt. *Staub* v. *Williams*, 1 Lea, 36; same case, on motion to rehear, 1 Lea, 123; *Rogers* v. *Newman*, 5 Lea, 255.

Motion to dismiss is not allowed.

Questions arising upon defendant's assignment of errors will next be considered.

*First.*—Defendant insists that complainants should have been repelled and their bill dismissed, on account of fraud, which it contends was perpetrated with reference to the price by complainants and its unfaithful agent in the sale of the land to defendant.

The merits of this question cannot be determined in this case, for two reasons: (1) because defendant interposes no such defense in its answers; and (2) because this record discloses the fact that there is now pending an independent suit, in which defendant seeks a rescission of the contract by reason of the facts here relied upon as evidence of fraud.

*Second.*—It is assigned as error that the land was ordered to be sold, and was sold, before a personal decree was rendered against the defendant on any of the purchase-money notes.

The decree assailed recited, in detail, the sale

44—7 P

of the land and the execution of the several notes therefor, and then adjudged that none of the notes had been paid; that the land was bound for their payment; that four of them were overdue, giving the amount thereof, with interest; and, finally, that, unless the same should be paid into Court within sixty days, the Clerk and Master should sell the land, as ,a whole or in parcels, on the terms prescribed.

This decree was sufficient support and authority for the sale. It recites all material facts and makes all *necessary* adjudications. To the validity of the decree and sale thereunder, it was not essential that a pecuniary recovery should be had against the defendant in so many words, though such is the later practice in this State.

*Third.*—After the sale and confirmation, decree was rendered and execution awarded on the last of the five notes, before its maturity.

This is assigned as error; and so it was. It cannot be justified by the statute (Code, §§ 4306–4309), which, in a case like this, authorizes a sale by direction of the Court on such terms that deferred payments may fall due at such times as the purchase-money notes to the original vendor may mature.

The decree of sale here, though not literally so, was in substantial conformity to that statute, and was all that could be allowed at any time as to the immature note. It adjudged that four of the notes were due and that one of them was not due,

and ordered a sale of the land on a credit of six, twelve, eighteen, twenty-four, and thirty months, which made two or three of the payments fall due even later than the maturity of the last note of the vendor. A sale on such terms was all that complainants were entitled to ask. The statute does not, in any case, contemplate or justify a personal recovery and award of execution upon a note not yet due.

The failure of defendant to plead in abatement does not preclude it from making the question now. The bills were not premature, though, when filed, some of the notes were not mature; for, under the statute, complainants had a right to sue upon all the notes, as they did, and to have the sale made as in the statute provided. Defendant waived nothing. The decree upon the last note, before maturity and award of execution for the money, was not within the scope of the bill, and defendant could not reasonably have anticipated that such relief would be sought under such a bill.

The error is manifest; but what is this Court now to do in the matter? Complainants would have been entitled to a decree on this last note had they waited only a few months longer. That time has now passed, and the note is several months overdue. In fact, no execution has actually issued. At most, defendant can only ask a reversal, and that the cause be remanded for further proceedings as to that note. It is clear from this

record that another decree against defendant would follow, and that reversal would only result in delay and accumulation of additional costs. Instead, therefore, of reversing and remanding for another decree upon the same record, this Court may well affirm the decree already pronounced. Such a result is really to the advantage of the defendant, to the extent of the difference between common interest on the note and interest computed at semiannual rests from the date of the decree already rendered until another one might be procured.

Complainants will not be heard to object to this, because they procured the decree merging the note and lessening the burden of interest.

Affirm the decree. Defendant will pay four-fifths and complainants one-fifth of the costs of this Court, and costs below will be paid as adjudged by the Chancellor.