BELCHER v. STEELE.

(*Knoxville.* October 14, 1896.)

WRIT OF ERROR. *Does not lie, when.*

A writ of error lies from final judgments and decrees only, and cannot, therefore, be successfully prosecuted from an interlocutory order refusing to dissolve an injunction.

Code construed: § 4911 (S.); § 3895 (M. & V.); ? 3176 (T. & S.).

Cases cited and approved: Gibson v. Widener, 85 Tenn., 16; Younger v. Younger, 90 Tenn., 25; Gurley v. Railroad, 91 Tenn., 486.

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. B. LINDSAY, Ch.

CARNICK, HENDERSON & SANSOM for Belcher.

HUGH M. STEELE for Steele.

CALDWELL, J. Complainant filed the bill in this cause to restrain the defendant from alleged interferences with complainant's possession and enjoyment of certain real estate. Preliminary injunction was issued and served.

The defendant filed his answer, and thereupon asked a dissolution of the injunction. The Chan-

cellor overruled and disallowed that motion, and from his action in so doing the defendant sued out a writ of error before the Clerk of this Court.

The Court of Chancery Appeals dismissed the writ of error as premature, and from the decree of dismissal the defendant has appealed to this Court.

The action of the Court of Chancery Appeals was right. A writ of error will not lie from an interlocutory order refusing to dissolve an injunction. It lies from final judgments and decrees only. Code (M. & V.), § 3895; *Gibson* v. *Widener*, 85 Tenn., 16; *Younger* v. *Younger*, 90 Tenn., 25; *Gurley* v. *Railroad*, 91 Tenn., 486.

Affirm.