VINEYARD v. VINEYARD et al., No. 1.—170 S. W. (2d) 917.

Eastern Section. November 27, 1942.

Petition for Certiorari denied by Supreme Court, February 26, 1943.

D. S. Beeler, of Rutledge, for plaintiff in error.

Rankin & Catlett, of Jefferson City, for defendant in error.

HALE, J. This case is before us on writ of error, and when it was reached for hearing on September 11, 1942, a motion was made to dismiss the writ because, it is alleged, the decree complained of was not final. We requested and gave counsel time in which to file authorities on this question. On September 14th following, having overlooked our request, we put down an opinion sustaining the motion. The supplemental brief requested by us was filed on September 16th following and a petition to rehear was duly filed on September 21st following. In the light of these matters we now recall our former opinion and proceed to reconsider the case.

As the matter now stands the sole question is whether the decree complained of was final, so that it may now be reviewed by writ of error.

The original bill was filed by the complainant against her husband Edgar Vineyard and some twenty other defendants, claiming he was indebted to her in the sum of $3,000 she had loaned him. The other defendants, including both individuals and banking corporations, were charged to be indebted to or having in their possession funds due him. It was averred that the debt sued for was to be secured by mortgage on his real and personal property; that he had disposed of some of his

property and was about fraudulently to dispose of the remainder to the endangering of her debt. An attachment was issued and levied on his estate; an attachment by garnishment was issued and served, attaching the funds so due him by or in the hands of his codefendants, who were enjoined from paying it to him. The defendant husband answered, denying liability, and filed a cross-bill seeking certain relief thereunder. Other pleadings were subsequently filed, including a first and second supplemental bills attaching additional property.

A large volume of testimony was taken and when the cause was heard the complainant voluntarily dismissed the suit as to the banking companies and took judgment pro confesso against certain individual debtors of the defendant. The Chancellor found defendant was indebted to the complainant as charged in the bill. A recovery was given her for the amount claimed, with interest, the attachment sustained and the property ordered sold. Judgment was awarded against certain of the garnishees. A reference was had to ascertain if the properties levied on under the first and second supplement bills belonged to the defendant Edgar Vineyard, or other parties. The record then shows the defendant excepted to the ruling of the court and prayed an appeal to this court ''and the Chancellor exercising his discretionary power under and by virtue of the Code of Tennessee, Sec. 9038 at this stage of the case grants and allows said appeal upon the defendant executing and filing an appeal bond, or, in lieu thereof, taking the pauper's oath as allowed by law and he is allowed 30 days to perfect said appeal.'' This was on December 15, 1941. No appeal bond or oath was filed, but the record was filed for writ of error on May 9, 1942. Was this a final decree so that a writ of error

would lie under the statute? Our statute provides: "A writ of error lies from the final judgment of the county court to the circuit or proper appellate court, and from the circuit and chancery court to such appellate court, in all cases where an appeal in the nature of a writ of error would have lain." (Code, 9063.)

Able counsel files a brief in which he asserts the decree in question was final in that it determined the question of indebtedness and left open nothing but the enforcement of the decree. There is cited in support of this the case of Gill v. Creed, 43 Tenn. (3 Cold.), 295, decided in 1866, in which it appears a decree was rendered for a sum certain and lands attached ordered sold. The defendant prayed an appeal, which was refused, and he then filed the record for error. The court said:

"Was this a final decree? We think it was. The rights of the parties were settled by the terms of the decree of the 5th of November, 1865. The complainant recovered his debt and costs. The lands attached, were ordered to be sold to satisfy the judgment. It was an adjudication of the rights of the parties. The subsequent decrees, to be rendered after the sale of the land, were the only means of executing the decree. This Court held, in the case of Delap et al. v. Hunter et al., 1 Sneed 101, 'A decree is final when all the facts and circumstances material and necessary to a complete explanation of the matters in litigation, are brought before the Court, and so fully and clearly ascertained on both sides, that the Court is enabled, upon full consideration of the case made out, finally to determine between them according to equity and good conscience.' They say it may be final, although it directs a reference to the Master.

"In the case of Writing v. Bank of United States, 13 Pet. [6] 15 [10 L. Ed. 33], it was held, a decree of foreclosure, and sale of mortgaged premises, was a final decree, and the defendant entitled to his appeal, without waiting for the return and confirmation of sale by the decretal order.

"In the case of Fargay v. Conrad, 6 How. [201] 204 [12 L. Ed. 404], the Court say: 'When the decree decides the right to the property in contest, and directs it to be delivered up, by the defendant to the complainant, or directs it to be sold, or directs the defendant to pay a certain sum of money to the complainant, the complainant is entitled to have such decree carried immediately into execution.'

"The decree must be regarded as a final one, and authorizes an appeal. We are satisfied, upon principle and authority, the decree in this cause was final. The defendant is entitled to file the record for error. The motion to dismiss is overruled."

█ This case is squarely in point but we cannot follow it for the reason that the Supreme Court in the case of Gibson v. Widener, 85 Tenn. (1 Pick.), 16, 1 S. W. 497, decided in 1886, impliedly overruled it without discussion. In this latter case the suit was filed to enforce a vendor's lien and there was recovery granted and the land ordered sold. The opinion then proceeds:

"The defendants prayed an appeal, which the chancellor refused, being of the opinion that no appeal should be granted until after the sale. It was within the discretion of the chancellor to grant or refuse an appeal from this decree (New Code, 3874), and the discretion was properly exercised.

"Subsequently, by a petition addressed to one of the judges of this court, defendant obtained a supersedeas and writ of error, and brings the case here in advance of final decree. Consel on both sides insist that the case be treated as properly before [us], as without objection to the writ of error.

"In view of this position of counsel, and to save inconvenience and expense to the parties, the court would be disposed to take this course [with this cause], but we are of opinion that a proper construction of the law does not authorize it, and the ends of justice would not be subserved by doing so. There was no final decree below, and an assumption of jurisdiction to correct, on writ of error, all the decrees which might thus be brought us in advance of final decree would not only be unauthorized, but would multiply proceedings or the correction of errors, and require this court to render numerous decisions, instead of one in each of many causes.

"A writ of error lies only from a final judgment or decree. New Code, Sec. 3895. It does not lie except in cases where an appeal, or appeal in error, is a matter of right, and not of discretion. Meek v. Mathis, 1 Heisk. [534] 540; Hume v. Commercial Bank, 1 Lea [220] 222.

"The appeal in this cause did not lie as a matter of right, the decree not being final (New Code, 3874; Abbott v. Fagg, 1 Heisk. [742] 747; Thruston v. Belote, 12 Heisk. 249; Cawthon v. Searcy, 12 Lea, 649-651); and it follows that the writ of error cannot be resorted to to review the decree complained of. This court is not, therefor, authorized to take jurisdiction (Cawthon v. Searcy, 12 Lea, 650) for that purpose. The consent of parties does not affect the question."

■ These cases cannot be reconciled. The weight of authority and reason is with the latter holding. As pointed out, a discretionary appeal was prayed and granted from the decree complained of but was not perfected by the filing of a bond or oath. It is suggested this was not done because the appellant would have been required to have given bond for the amount of the decree (Code, 9045), but in cases where real estate is ordered sold the owner thereof who prays an appeal is required to execute a bond only for the costs in the court below and the appellate court. (Code, sec. 9046).

■ An appeal does not lie as a matter of right from a decree of sale prior to its execution. Our statute provides: "The Chancellor or Circuit Judge may, *in his discretion*, allow an appeal from his decree in equity causes determining the principles involved and ordering an account or a sale or partition, before the account is taken or the sale or partition is made; or he may allow such appeal on overruling a demurrer; or he may allow any party to appeal from a decree which settles his right, although the case may not be disposed of as to the others." Code, 9038. (Italics ours.)

Chancellor Gibson says: "Appeals as a matter of right lie only from final decree. Any party dissatisfied with such a decree may appeal from it. A decree is final when it so disposes of the cause that nothing remains to be done, but to issue the final process awarded. When a decree decides and disposes of the whole merits of the cause, and reserves on its face no further questions or directions for the future judgment of the Court, so that it will not be necessary to bring the case again before the Court for a decision, it is a final decree, even tho it omits to adjudicate the cost, or to award an execution

in case of a money recovery. A decree which, although determining the principles involved, orders an account, or orders a sale or partition of land, is not final, because the account or sale or partition will require the further action of the Court; and much less is an order or ruling final, which is made in the progress of a cause, prior to a decree determining the principles involved in the litigation.'' Gibson, Sec. 1265, 2.

And in discussing decrees reviewable by writ of error the same great authority says: ''To What Decrees a Writ of Error Will Lie. A writ of error lies from a final decree in all cases where an appeal, or an appeal in the nature of a writ of error, would have lain. A writ of error will not lie from any decree which (1) is made pursuant to a mandate from an appellate Court, or (2) which can only be appealed from as a matter of favor in the discretion of the Chancellor, but is confined to such decrees as may be appealed from as a matter of right; nor will the appellate Court entertain jurisdiction of a cause brought up by writ of error, when the decree is not absolutely final, even though counsel on both sides request that he cause be heard.'' Gibson, sec. 1272.

In the light of these authorities it is our opinion that the decree in question was not final in that it left open (1) the sale of the property attached and upon which a lien was affixed, (2) a decision under the reference as to the ownership of the property attached under the first and second supplemental bills. Counsel, however, cite and rely upon certain cases as sustaining his position. Among them is Delap v. Hunter, 33 Tenn. (1 Sneed), 101. In this case there was a decree settling the rights of all parties except a reference was had to ascertain the liability of one of the defendant which was

in no wise connected with the liability of his co-defendants who prayed for and were granted an appeal before the reference was executed. They did not file the bond within the item allowed, but subsequently three of them applied for a writ of error. A motion was made to dismiss because the decree complained of was not final. The court speaking through Judge Caruthers said:

"An interlocutory decree is one made in the progress of a cause for the purpose of ascertaining some matter of fact or law, preparatory to a final decree. This is done by a reference to the master, a commissioner, or jury, in an interlocutory decree, by the terms of which, the principles governing the rights of the parties, are generally settled, but a more perfect ascertainment of the facts to which they apply, is necessary for a final disposition of the case. Barb. Ch. Pr. 326.

"A decree is final when all the facts and circumstances material and necessary to a complete explanation of the matters in litigation are brought before the court, and so fully and clearly ascertained on both sides, that the court is enabled, upon a full consideration of the case made out, finally to determine between them according to equity and good conscience. Barb. Ch. Pr. 330; [Kane v. Whittick] 8 Wend. [N. Y., 219] 224. A decree which disposes of the whole merits of the cause, leaving nothing for the future judgment of the court in the case, which will make it necessary to bring it again before the court for final decision, is a final decree. [Mills v. Hoag] 7 Paige [N. Y.] 18 [31 Am. Dec. 271]."

And further: "It would certainly be a very inconvenient practice, to allow each of many parties, as their rights in a cause should be settled by interlocutory orders and decrees, to prosecute writs of error or appeal to

the supreme court. The consequences might be, that there would be a multitude of appeals in the same case, coming up at successive terms, and the case still progressing in the court below. A practice leading to such consequences cannot be tolerated.''

The motion to dismiss was sustained, so as we read this case it is authority against the contentions of the petitioner.

There is next cited the case of Saunders v. Gregory's Heirs, 50 Tenn. (3 Heisk.), 567. This was a bill of interpleader to ascertain the parties entitled to a fund. During the litigation the moneys were loaned under the order of the court. At the February term 1861 it was ordered that the fund be collected by the next term, with direction to let the heirs of Smith Gregory have such portion as they demanded, upon their giving a refunding bond. Due to the Civil War no court was held until August, 1865, when a decree was had upon a report of the Clerk and Master to the February term, 1861, for the amount in the hands of the complainant, plus interest, which he was directed to pay into the registry of the court within three months. The decree further directed a report as to the remainder of the fund collected and uncollected. The complainant excepted, prayed and was granted an appeal, but later the Chancellor, under date of February 22, 1866, stated that ''upon reconsideration and rehearing'' he refused to grant an appeal, for the reason that the decree complained of was not final. It was held that the decree complained of and upon which execution was awarded ''was a final decree in such a sense as that, with or without leave from the Chancellor, it could be brought here by appeal or writ of error. No further action was taken, or intended to be taken, in

regard to the sum of money adjudged. No account was ordered, or intended to be ordered, in reference to it. The account directed has relation alone to separate and independent items."

This case is readily distinguishable from the case at bar where the court directed a sale of certain of the property attached and ordered a reference to ascertain the ownership of certain other properties attached. These two items were directly connected with the judgment complained of.

The next case cited is that of West v. Weaver, 50 Tenn. (3 Heisk.), 589. In that case a bill was filed to injoin several judgments at law on the ground that because of conflicting liens, etc., a great sacrifice would ensue, owing to the uncertainty and confusion as to titles, conflicting claims, etc. A report was made by the master but the Chancellor without attempting to settle the order in which the judgments should be paid, decreed that the real estate be sold and the complainant was given leave to take proof and show what payments he might have made to any of the creditors not embraced in the master's report. An appeal was prayed by and granted to him. It was held that the Chancellor had a right to allow an appeal and the motion to dismiss it was overruled. This is not authority on the present case.

The next case cited is Brandon v. Crouch, 58 Tenn. (11 Heisk.), 605. That case involved a submission of the matters in controversy to arbitrators, who made an award which, upon proof, was set aside by the Chancellor, who ordered a reference to take an account of the matters between them. The defendant, with leave of the court, appealed. A motion was made to dismiss the appeal because the decree complained of was not

final. Said the court: "It is not a final decree, such as might be brought up by writ of error . . . It is obvious that the arbitrators determined the principles involved in the case in making up their award, and if the court had confirmed it, the decree would have been final. But in setting aside the award, the Chancellor determined none of the principles involved in the cause. The effect of his ruling was to place the case in statu quo before the arbitration was agreed on."

It was then held that the appeal granted was not authorized by the language of the court nor justified by the reason for allowing appeals from interlocutory decrees, and the motion to dismiss, was sustained.

The next case cited is Younger v. Younger, 90 Tenn. (6 Pick.), 25, 16 S. W. 78. In that case a creditor filed suit against his debtor, attaching certain property. Upon plea in abatement the attachment was quashed and an appeal taken therefrom to the Supreme Court. Motion was made to dismiss. In disposing of this question the court said: "An appeal, as a matter of right, lies only from a final decree or judgment, and a final decree or judgment is one which decides and disposes of the whole merits of the case." (Citing authorities.)

After discussing and analyzing the case the court held that the appeal was premature and was dismissed.

The next case cited is that of Gurley v. Railroad, 91 Tenn. 486, 19 S. W. 571. This case involved the action of the court upon demurrer in a law cause. It was held the judgment sustaining the demurrer was not final and consequently the appeal was premature.

The next case is that of Stewart v. Lathrop Mfg. Co., 95 Tenn. (11 Pick.), 497, 32 S. W. 464. As we read this case, the question of appeal or writ of error was not

involved and we do not believe it has any application.

The last case cited is that of Mengle Box Company v. Lauderdale County, 144 Tenn. (17 Thomp.), 266, 230 S. W. 963. In that case there was involved the action of the Chancellor in dissolving an injunction which was the main remedial relief sought. The court held that the action of he Chancellor on the injunction was the equivalent of deciding the case on its merits. In the subsequent case of Cockrill v. People's Savings Bank, 155 Tenn. (2 Smith), 342, 293 S. W. 996, the Supreme Court, speaking through Chief Justice Green, said that the circumstances in the Mengle case were exceptional and that the Chancellor had in reality entered a final decree.

In the light of these decisions and the authorities heretofore adverted to by us, we are forced to the opinion that the case before us cannot be reviewed under the writ of error and the motion to dismiss is sustained, at the cost of the defendant and the sureties on his bond.

McAmis and Burnett, JJ., concur.