# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs January 24, 2013

## SYLVIA SUSANA MARQUEZ v. PEDRO MARQUEZ

**Appeal from the Probate and Family Court for Cumberland County**
**No. 14493      Larry M. Warner, Judge**

---

**No. E2011-02770-COA-R3-CV-FILED-APRIL 11, 2013**

---

This appeal arises from a post-divorce dispute over custody of five children. Sylvia Susana Marquez ("Mother") and Pedro Marquez ("Father"), divorced in 2003, are mother and father of the five minor children ("the Children," collectively). Father was designated the primary residential parent of the Children. Mother filed a petition in the Probate and Family Court for Cumberland County ("the Trial Court") to modify the parenting plan and for emergency custody based on allegations of violence involving Father. In her petition, Mother also argued that a material change of circumstances had occurred such as to justify her being designated the primary residential parent of the Children. The Trial Court found an emergency had arisen and awarded temporary emergency custody of the Children to Mother. Later, after a hearing, the Trial Court entered an order restoring custody to Father after stating that the emergency had been "removed by [Father]." Mother appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate and Family Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., P.J., and JOHN W. MCCLARTY, J., joined.

William J. Taylor, Knoxville, Tennessee, for the appellant, Sylvia Susana Marquez.

Justin C. Angel, Pikeville, Tennessee, for the appellee, Pedro Marquez.

# OPINION

## Background

Mother and Father were divorced in 2003. Father has served as primary residential parent of the Children according to a 2007 parenting plan which was reaffirmed in a January 2011 order. In April 2011, Mother filed her Petition for Modification of Parenting Plan and for Emergency Custody. Mother alleged that there had been a material change in circumstances sufficient to warrant a change of custody. Specifically, Mother alleged, among other things, that Father: had grabbed the parties' eldest child by the throat and wrist and told her that he was going to "choke her until she peed herself"; discharged a pistol inside the house; was violent and abused drugs and alcohol; and, had been arrested for domestic violence and resisting arrest in an incident involving his then wife, and that the Children had witnessed the violence. Mother requested custody of the Children based on these alleged emergency circumstances, and, "at a final hearing of this matter, [that] the Permanent Parenting Plan be modified so as to make [Mother] the Primary Residential Parent, with such restrictions on [Father's] Parenting Time as the Court deems necessary."

After a hearing[1] in May 2011, the Trial Court entered an order awarding Mother temporary emergency custody of the Children. A short time later in May 2011, the Trial Court held another hearing and entered another order confirming this temporary transfer of custody of the Children to Mother. Father later filed a response to Mother's petition in which he denied allegations of violent behavior and substance abuse. Further, Father alleged that the Children had lived with him "almost exclusively" for the previous five years and that they were "flourishing in his custody." Father asked the Trial Court to deny Mother's petition and reaffirm his status as primary residential parent of the Children.

The petition was heard[2] in November 2011. In December 2011, the Trial Court, stating that "emergency custody [had been] transferred temporarily to [Mother]," entered an order restoring custody of the Children to Father and affirming the existing custody agreement granting Mother visitation after finding that "the emergency situation has been removed by [Father]." Mother filed a timely appeal to this Court.

---

[1] The record contains no transcripts of any of the hearings in this matter. The record does contain a "Statement of the Evidence" which sheds very little light on what happened below.

[2] Mother argues on appeal that the Trial Court addressed a "Motion for Custody" rather than her "Petition for Modification of Parenting Plan and for Emergency Custody." It is apparent to us that the Trial Court was referring to the latter even if it did not use its full formal name.

**Discussion**

Though not stated exactly as such, Mother raises two issues on appeal: 1) whether the Trial Court erred in awarding Father custody of the Children without making requisite findings of fact; and, 2) whether the Trial Court erred in declining, based on its May 2011 order granting Mother temporary emergency custody of the Children, to find that a material change in circumstances had occurred sufficient to justify modifying the original parenting plan.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

We first address whether the Trial Court awarded Father custody of the Children without making requisite findings of fact. We first note that this case did not involve an initial determination of custody. Father was the primary residential parent under the 2007 parenting plan. It was Mother who sought a change in the custody of the Children. Existing custody arrangements are favored because children thrive in stable environments. *Hoalcraft v. Smithson*, 19 S.W.3d 822, 828 (Tenn. Ct. App. 1999). A custody decision, once made and implemented, is considered res judicata upon the facts in existence or those which were reasonably foreseeable when the decision was made. *Steen v. Steen*, 61 S.W.3d 324, 327 (Tenn. Ct. App. 2001). However, our Supreme Court has held that a trial court may modify an award of child custody "when both a material change of circumstances has occurred and a change of custody is in the child's best interests." *Kendrick v. Shoemake*, 90 S.W.3d 566, 568 (Tenn. 2002). According to *Kendrick*:

> As explained in *Blair [v. Badenhope*, 77 S.W.3d 137 (Tenn. 2002) ], the "threshold issue" is whether a material change in circumstances has occurred after the initial custody determination. *Id*. at 150. While "[t]here are no hard and fast rules for determining when a child's circumstances have changed sufficiently to warrant a change of his or her custody," the following factors have formed a sound basis for determining whether a material change in circumstances has occurred: the change "has occurred after the entry of the order sought to be modified," the change "is not one that was known or reasonably anticipated when the order was entered," and the change "is one that affects the child's well-being in a meaningful way." *Id*. (citations omitted).

-3-

*Kendrick*, 90 S.W.3d at 570. *See also* Tenn. Code Ann. § 36–6–101(a)(2)(B) (2010).

*Kendrick* went on to explain that if a material change in circumstances has been proven, "it must then be determined whether the modification is in the child's best interests . . . according to the factors enumerated in Tennessee Code Annotated section 36–6–106." *Kendrick*, 90 S.W.3d at 570 (footnote omitted). It necessarily follows that if no material change in circumstances has been proven, the trial court "is not required to make a best interests determination and must deny the request for a change of custody." *Caudill v. Foley*, 21 S.W.3d 203, 213 (Tenn. Ct. App. 1999).

In this case, however, the Trial Court had granted Mother only *temporary* custody of the Children based on an emergency. This Court discussed the effect of a temporary order of custody in *Wall v. Wall*, No. W2010-01069-COA-R3-CV, 2011 WL 2732269 (Tenn. Ct. App. July 14, 2011), *no appl. perm. appeal filed*. We stated:

> When an order relating to a parenting arrangement is made temporary on its face, the order is not a final order. Therefore, the issues addressed in the order remain in the bosom of the trial court, and any rulings in the order may be modified at any time before a final order is entered. *See Greer v. Greer*, No. W2009–01587–COA–R3–CV, 2010 WL 3852321, at *6 n. 7 (Tenn. Ct. App. Sept. 30, 2010). In a similar situation, this Court has explained:
>
> > The law makes a distinction between temporary and final orders of custody. "An interim order is one that adjudicates an issue preliminarily; while a final order fully and completely defines the parties' rights with regard to the issue, leaving nothing else for the trial court to do." *State, ex rel., McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997) (citing *Vineyard v. Vineyard*, 170 S.W.2d 917, 920 (Tenn. 1942)). Trial courts have discretion to grant temporary custody arrangements in circumstances "where the trial court does not have sufficient information to make a permanent custody decision or where the health, safety, or welfare of the child or children are imperiled." *King v. King*, No. 01A01–91–10PB00370, 1992 WL 301303, at *2 (Tenn. Ct. App. Oct. 23, 1992).
> >
> > . . . . Because the order granting Mr. Warren custody was only temporary, Ms. Warren did not have to show a material change in circumstances at the July 28, 1999 hearing in order to have custody of [the child].

*Warren v. Warren*, No. W 1999–02108–COA–R3–CV, 2001 WL 277965, at *4 (Tenn. Ct. App. Mar. 12, 2001). Here, the August 5, 2010 order designating Father as the primary residential parent was temporary, not final. Therefore, Mother did not have to show a material change in circumstances from August 5, 2010, to again be designated Katelyn's primary residential parent. *See id*. Accordingly, the burden remained on Father to establish a material change in circumstances since the original divorce decree warranting a change in the designation of primary residential parent.

*Wall*, 2011 WL 2732269, at *22.

Mother argues that "there is no corresponding evidence whatsoever that the court engaged in any of the analysis necessary to change custody back to [Father]." Mother, however, misses the point. Father already had been established as the primary residential parent of the Children. The Trial Court had granted Mother only temporary emergency custody of the Children. As we discussed in *Wall*, when a transfer of custody is merely temporary, it is unnecessary to apply the material change of circumstances analysis. The Trial Court found and stated "the emergency situation has been removed by [Father]." The evidence does not preponderate against this finding. This finding by the Trial Court was sufficient in this context to restore Father's custody of the Children. We affirm the Trial Court as to this issue.

We next address whether the Trial Court erred in declining, based on its May 2011 order granting Mother temporary emergency custody of the Children, to find that a material change in circumstances had occurred sufficient to justify modifying the original parenting plan. As we already have observed, the Trial Court only granted Mother temporary custody of the Children based on an emergency. The Trial Court later found that the emergency had passed. The evidence in the record on appeal, slim as it is, does not preponderate against any of the findings of the Trial Court. We affirm the judgment of the Trial Court in its entirety.

## **Conclusion**

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Sylvia Susana Marquez, and her surety, if any.

_____
D. MICHAEL SWINEY, JUDGE