IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 1, 2026

**IN RE ESTATE OF BEVERLY LOUISE INGRAM**

**Appeal from the Probate Court for Davidson County**
**No. 20P1640 Thomas W. Brothers, Judge**

**No. M2025-01567-COA-R3-CV**

In this appeal, the appellants challenge administrative and legal fees the trial court awarded the administrators of the estate and the parties' respective legal counsel. We have determined that these issues have been waived for a variety of reasons including the appellants' failure to comply with Tennessee Court of Appeals Rule 6 and Tennessee Rule of Appellate Procedure 27. Accordingly, we affirm the judgment of the trial court. We find that the administrator of the estate is entitled to reasonable compensation for services rendered and expenses incurred in defending this appeal. We also find this appeal to be frivolous. We remand for the trial court to award the administrator an appropriate fee and to award damages in favor of the estate against the appellants, Robert Davidson, Sr. and Shuntae Davidson, for fees and expenses the estate incurred in defending this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court**
**Affirmed and Remanded**

FRANK G. CLEMENT, JR., C.J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and STEVEN W. MARONEY, JJ., joined.

Robert Davidson, Sr., Nashville, Tennessee, and Shuntae Davidson, Goodlettsville, Tennessee, Pro Se.

Mike J. Urquhart, Goodlettsville, Tennessee, for the appellee, the Estate of Beverly Louise Ingram.

**MEMORANDUM OPINION**[1]

---

[1] Pursuant to Tennessee Court of Appeals Rule 10, this Court may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall not be cited or relied on for any reason in any unrelated case.

Beverly L. Ingram (the "Decedent" or "Ms. Ingram") died on January 31, 2020. She was survived by two children, Robert Davidson, Jr. ("Robert Jr.") and Shuntae Davidson ("Ms. Davidson").

At the time of her death, she jointly owned her home, located at 2301 St. Louis Street in Nashville, with Robert Davidson, Sr. ("Robert Sr.") as tenants in common. Robert Sr. is the father of her two children, but he and Ms. Ingram were never married.

On September 25, 2020, Robert Jr. filed a petition to admit a purported holographic will of the Decedent to probate. A complaint to contest the purported will was filed by Ms. Davidson on November 12, 2021. The parties stipulated that the document was in Ms. Ingram's handwriting; however, in an order entered August 29, 2025, the trial court found that the purported will did not show sufficient testamentary intent. Therefore, the purported will was not admitted to probate, a decision that is not at issue in this appeal. Accordingly, the Decedent died intestate and it is undisputed that Robert Jr. and Ms. Davidson were her only heirs at law.

In the interim, Robert Sr. and Ms. Davidson filed a petition to partition and sell the St. Louis Street home to, *inter alia*, satisfy the debts of the estate of Ms. Ingram. The petition was contested by Robert Jr. who claimed that Robert Sr. had forfeited his interests in the property by failing to pay taxes and insurance for several years. The trial court ruled in favor of Robert Sr. pursuant to an order entered on March 8, 2023, holding that Robert Sr. retained a fifty percent interest in the property. And, as was confirmed in the Final Order, the court ruled that Decedent's heirs-at-law, Robert Jr. and Ms. Davidson owned equal shares of Decedent's interest in the property. Thereafter, the real property was sold at auction, netting $181,603.14 in proceeds.[2]

In the final order entered on August 29, 2025, the court addressed the priority of financial obligations and distribution of fees related to the administration of the estate. Finding that the petition to sell the home and the administration of the estate were closely intertwined and resolved in the same proceeding, the trial court ruled that the administrative fees and expenses should be paid from the $181,603.14 held by Michael Urquhart, the successor administrator of the estate, "this being the most equitable means for distribution."[3]

The court approved payment of $5,900 in administrator fees to the previous administrator of the estate, A. Michelle Poss, and payment of $27,357.26 in administrator

---

[2] The order approving the contract for sale of the realty was entered on October 7, 2024.

[3] No one objected to this ruling.

(continued…)

fees to the successor administrator, Mike J. Urquhart ("the Administrator").[4] The order also directed the Administrator to "disburse from net proceeds held $6,210 to Eaves, Olds, Bohnnon [sic] & Floyd, PLLC and $3,298.51 to Gullet, Sandford, Robinson & Martin, PLLC for fees of prior counsel representing the Administrators." After deducting the above from the net sales proceeds, $138,837.37 remained.

The court then dealt with the legal fees incurred by the parties, ruling:

[G]iven that the administration of the estate and the partition of the real property are so deeply intertwined, and with the parties' agreement, the Court finds that the parties' attorney's fees shall be paid from the remining balance of $138,837.37. Counsel for Robert Davidson Sr. and Shuntae Davidson proposed the attorney's fee be treated as administrative fees for this reason. Neither Robert Davidson Jr. nor Administrator Urquhart objected to this proposal. Administrator Urquhart further proposed that the fees of Robert Turner, prior counsel for Robert Davidson [Jr.], come out of this balance. Robert Davidson Jr. objected that Mr. Turner is owed any fees. However, the Court finds that an award of fees to Mr. Turner is warranted.

Addressing the parties' respective attorney fees, the order awarded Ms. Davidson's attorney, Corletra Mance, $30,912.50, and Robert Jr.'s former attorney, Robert J. Turner, $9,981.38.[5] And as the trial court noted in its order, the only objection raised by any party to any of the distributions was that of Robert Jr. who opposed awarding any fee to his former attorney, Mr. Turner.

After deducting the above expenses, $97,943.49 remained, which the court divided equally between Robert Sr. and Ms. Ingram's estate. The share Ms. Ingram's estate received, that being $48,971.75, was split equally between her two heirs at law, Robert Jr. and Ms. Davidson.[6]

This appeal by Robert Sr. and Ms. Davidson followed. Robert Jr. did not appeal and has not made an appearance in this appeal.

---

[4] On February 12, 2024, Michael J. Urquhart replaced A. Michelle Poss as the Successor Administrator pursuant to an agreed order.

[5] Robert Turner was granted leave to withdraw as Robert Jr.'s attorney on July 27, 2022.

[6] Two minor adjustments were made to the distribution of the estate. Robert Jr.'s share was offset by $2,500 for the Decedent's automobile which he retained. Ms. Davidson's share was offset by $400 as the value of Ms. Ingram's furniture Ms. Davidson retained.

ISSUES

The appellants, Robert Sr. and Ms. Davidson (collectively "Appellants"), present several issues, all of which pertain to fees and expenses awarded to the administrators and the attorneys, as well as miscellaneous locksmith, cleaning, and hauling charges.

The Administrator of the Estate, Michael Urquhart, presents the following issues for review:

1. Should the Court consider this appeal given the Appellants did not provide citations or appropriately reference the record in which they relied and should the appeal thus be dismissed?

2. Did the Probate Court err in approving the Administrator's and attorney's fees despite Appellants' claim of oral objection on the record, with no evidence of the objection on the record at the August 4, 2025 hearing?

3. The Court should remand the case back to the trial court for the award of additional administrative fees incurred on the appeal and or in the alternative determine that the appeal is frivolous and remand for additional fees as the costs of administration.

## STANDARD OF REVIEW

A non-jury case is reviewed de novo upon the record, accompanied by a presumption of the correctness as to the findings of fact, unless the preponderance of the evidence indicates otherwise. *In re Graham*, No. M2021-00967-COA-R3-CV, 2022 WL 17008526, at *2 (Tenn. Ct. App. Nov. 17, 2022). Issues of law are reviewed de novo, and are given no presumption of correctness. *In re Estate of Ladd*, 247 S.W.3d 628, 637 (Tenn. Ct. App. 2007).

Regarding fees related to the administration of an estate, we have held that they must be reasonable, necessary, and proper. *In re Estate of McSwain*, No. M2001-02309-COA-R3-CV, 2002 WL 1763540, *2 (Tenn. Ct. App. July 31, 2002). "Trial courts have the discretion . . . to determine whether the requested fees and expenses are reasonable. We will not alter the trial court's decision unless we find that the award exceeds reasonable limits." *In re Estate of Vaughn*, 615 S.W.3d 133, 142 (Tenn. Ct. App. 2020) (quoting *In re Estate of Wallace*, 829 S.W.2d at 701) (internal citations omitted).

"A trial court's ruling for reimbursement of attorney's fees out of an estate is reviewed under an abuse of discretion standard." *In re Estate of Ledford*, 419 S.W.3d 269, 277 (Tenn. Ct. App. 2013) (citing *Merchants & Planters Bank v. Myers*, 644 S.W.2d 683, 688 (Tenn. Ct. App. 1982)). In applying the abuse of discretion standard, "[t]he controlling

question is whether the entire estate benefitted from the efforts of the party's lawyer." *In re Estate of Greenamyre*, 219 S.W.3d 877, 886 (Tenn. Ct. App. 2005).

Administrator fees are "left largely to the discretion of the probate court, unless where they exceed a reasonable limit." *Ex parte Parker*, 19 S.W. 571, 572 (Tenn. 1881).

## ANALYSIS

### I.

#### A.

Appellants argue that the trial court erred in approving the administrators' and attorneys' fees despite their oral objections during a hearing. Appellants further allege that some entries on the administrator's invoice "lacked documentation or conflicted with court records, including charges for hearings of which Appellants were unaware, meetings that Appellants assert did not occur, and duplicative or unsupported locksmith and property access charges."

As noted by the Administrator in his appellee's brief, these arguments are not supported by citations to the record. Regarding Appellants' oral objections, their brief gives no indication of where such objections can be found in the record. And instead of naming specific hearings, meetings or charges, Appellants' brief simply make a general reference to the Administrator's invoice, which we find to be of little help.

We acknowledge that Appellants are proceeding pro se. Pro se litigants are entitled to equal treatment from the courts. *Gates v. Switzer*, No. M2021-01552-COA-R3-CV, 2023 WL 6296290, at *3 (Tenn. Ct. App. Sept. 27, 2023). Yet they must comply with the same procedural and substantive requirements as represented parties. *Chiozza v. Chiozza*, 315 S.W.3d 482, 487 (Tenn. Ct. App. 2009). Accordingly, a party proceeding pro se may not shift the burden of litigating their case to the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000).

Tennessee Rules of Appellate Procedure require briefs presented on appeal to contain an argument setting forth "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, **with citations to the authorities and appropriate references to the record** (which may be quoted verbatim) relied on[.]" Tenn. R. App. P. 27(a)(7)(A) (emphasis added). Further, the Rules of the Court of Appeals of Tennessee provide that

> [n]o complaint of or reliance upon action by the trial court will be considered
> on appeal unless the argument contains a specific reference to the page or
> pages of the record where such action is recorded. No assertion of fact will

be considered on appeal unless the argument contains reference to the page
or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b).

We have consistently held that failure to appropriately reference the record and to cite to relevant authority in the argument section of the brief is a violation of the rules of appellate practice and constitutes a waiver of the issue. *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000).

Here, Appellants allege they orally objected to the approval of fees during the probate hearing, but do not indicate where in the record their oral objections can be found. They question charges on the administrator's invoice, but do not give specific details about which charges are incorrect, nor reasoning to support their argument. Due to the bare nature of the Appellants' allegations, their claims are sufficiently unsupported that they do not comply with Tennessee Court of Appeals Rule 6 and Tennessee Rule of Appellate Procedure 27. Thus, these issues are waived.

B.

Appellants argue that the administrator's invoice contained "mathematical inconsistencies" that defy "basic arithmetic" and "undermine the reliability of the accounting submitted for court approval." They allege that "[t]he Administrator asserted that his reasonable fee totaled $27,357.30 and that $21,190.00 had previously been paid yet listed a remaining balance of $4,167.26."

A review of Administrator Urquhart's invoice confirms that his charges totaled $27,357.26, consisting of $23,190.00 for "professional services rendered" and $4,167.26 for "additional charges." We find no indication of a prior payment in the record, and the Appellants' brief does not cite to the record supporting this claim. Moreover, the amount of $4,167.26 is labeled on the invoice as additional charges, and not, as Appellants assert, as the balance remaining after a partial payment of administrator's fees.

C.

Appellants also contend that the administrator's invoice included charges for an unrelated probate case, the Estate of Louise Headley (the "Headley Estate"). We found no record of charges related to the Headley Estate on the invoice submitted by Administrator Urquhart. Nevertheless, we acknowledge that the record contains two orders, both dated August 12, 2022, each with the caption *In the Matter of Estate of Louise Adams Headley, Deceased*, Docket No. 20P949. The first order approves "legal and accounting fees and expenses" in the amount of $6,210.00 to Eaves, Olds, Bohannon & Floyd PLLC. The second order, which has the same caption and docket number, approves of $3,298.51 for

Gullett, Sanford, Robinson & Martin, PLLC. The record and the parties fail to explain why these orders are in the record and whether the orders merely contain the incorrect caption and docket number. Nevertheless, we find this inconsequential because the final order in this matter, with the correct caption and docket number, approves disbursements to Eaves, Olds, Bohnnon [sic] & Floyd, PLLC in the amount of $6,210.00 and to Gullet, Sandford, Robinson & Martin, PLLC in the amount of $3,298.51 "for fees of prior counsel representing the Administrators." We find no evidence in the record of an objection to these fees, nor any other disbursements, except for the legal fee paid to Robert Jr.'s former attorney, James Roberts and Appellants failed to cite to the record where they objected to these fees. Therefore, this issue is also waived.

II.

The Administrator requests that we remand the case to the trial court for the award of additional administrative fees incurred on the appeal and/or that we award damages under Tennessee Code Annotated § 27-1-122 based on Appellants' filing a frivolous appeal.

"[Administrators] are entitled to reasonable compensation for their service, Tenn. Code Ann. § 30-2-606 (1984) and to payment from the estate for reasonable expenses incurred in good faith for the exclusive and necessary benefit of the estate." *In re Estate of Wallace*, 829 S.W.2d 696, 700–01 (Tenn. Ct. App. 1992). This right to compensation does not stop at the trial court but extends to the full administration of the estate. The Administrator, Mr. Urquhart, has incurred fees and expenses associated with the continued administration of the estate on appeal for which he should be compensated. This matter is remanded for the purpose of awarding the Administrator reasonable compensation for his services and expenses incurred in this appeal.

We also find this to be a frivolous appeal. "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed." *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn. 1978)). Accordingly, this matter is remanded for the trial court to award damages in favor of the estate of Ms. Ingram against both Appellants, Robert Sr. and Ms. Davidson, for fees and expenses the estate incurred in defending this appeal.

## IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are taxed to the Appellants, Robert Davidson, Sr. and Shuntae Davidson.

_____
FRANK G. CLEMENT JR., C.J.